Tony W. Wong (CA State Bar No. 243324)
Benjamin Hung, Esq. (CA State Bar No. 275361)
D&R I.P. LAW FIRM, APLC
108 N. Ynez Ave., Suite 213
Monterey Park, CA 91754
Telephone: (626) 447-7788
Facsimile: (626) 447-7783
Email: tonyw@dnriplaw.com
        benh@dnriplaw.com

Attorneys for Plaintiff
MILO ENTERPRISES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MILO ENTERPRISES, INC., a Canada Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>BIRD-X, INC., an Illinois Corporation, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 18-CV-3857<br><br>**COMPLAINT FOR:**<br><br>**1) Declaratory Judgment of Noninfringement of Trademark & Trade Dress**<br>**2) Declaratory Judgment of Unenforceability of Trademark & Trade Dress**<br>**3) Declaratory Judgment of Noninfringement of Copyright**<br>**4) Tortious Interference With Business Relations**<br>**5) Federal Unfair Competition**<br>**6) Libel**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint against Defendants BIRD-X, INC. and DOES 1 through 10, inclusive (collectively, "Defendants"), Plaintiff MILO ENTERPRISES, INC. ("Plaintiff") states the following:

## I.

## THE PARTIES

1.      Plaintiff MILO ENTERPRISES, INC. is a Canada Corporation with its principal place of business at 655 W. Kent Avenue North, #550, Vancouver BC, V6P 6T7.

2.      Plaintiff is informed and believes, and thereupon alleges, that Defendant BIRD-X, INC. ("BIRD-X") is an Illinois corporation with its principal place of business at 300 N. Oakley Blvd., Chicago, IL 60612.

3.      Plaintiff has sued defendants DOES 1 through 10, by such fictitious names because Plaintiff are uncertain as to the names, identities, legal responsibilities and/or capacities of the Doe defendants, and each of them. Plaintiff are informed and believe and thereupon allege that each of the defendants designated herein as Doe defendants was and is responsible in some actionable manner for the events and incidents described in this complaint. Plaintiff will seek leave of court to amend this pleading when the true names, identities and capacities of said Doe defendants have been ascertained by Plaintiff.

4.      All allegations in this complaint referencing defendants shall be deemed to mean acts of defendants acting individually, jointly, severally, or any combination of

them.

5.     Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendants.

6.     Upon information and belief, Defendants have substantial contacts and transact substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

## II.

## JURISDICTION AND VENUE

7.     This action arises pursuant to the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 *et seq,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and under this Court's pendent jurisdiction over related state claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367.

8.     This Court has personal jurisdiction over Defendants because they have substantial contacts and conduct substantial business in the state of California, in this judicial district.

9.     On information and belief, Bird-X now has and at all times relevant hereto has had substantial contacts with the State of California in connection with the development, sale, and/or offering for sale of bird repellents by Bird-X. Bird-X has

claimed that these products have gained additional protection through one or more U.S. Trademarks claimed by Bird-X, and one or more of Bird-X's alleged copyrights that Bird-X alleges Plaintiff has infringed.

10.    Plaintiff is informed and believes, and thereupon alleges, that Bird-X sells its products to individuals in this judicial district through Amazon.com as an "Amazon Prime" affiliated seller, meaning a direct sale relationship exists between Bird-X and Amazon.com.

11.    Amazon stores Bird-X's products in Amazon.com warehouses, including those located in California and this district.

12.    Amazon.com partners with Bird-X to directly sell Bird-X's products from Amazon.com warehouses, including those located in California.

13.    Plaintiff conducts substantial business in this district. Plaintiff as required always timely pays the substantial amounts of sales tax and income tax requested by the State of California. Plaintiff will provide records regarding such taxes and sales if requested by the Court or in discovery proceedings.

14.    Bird-X conducts substantial business in this judicial district. Bird-X in the past has been requested by the State of California to pay sales tax and income tax due for such business, and has paid such amounts due as required.

15.    In 2014, Bird-X sent a letter to an affiliate for Plaintiff in which it stated that "Auditors of the California State Board of Equalization (BOE) are currently examining our records in connection with the California Sales and Use Tax Law. They

have questioned certain non-taxed sales made to you, as covered by the invoices listed on the attached sheet. Please indicate the disposition of this property by checking the appropriate box and completing the statement. The BOE will not accept the statement if it is not filled out completely and signed by an authorized representative. If tax is owned on your purchase, please remit the tax to us and not to BOE." Therefore, Bird-X has provided additional evidence that it conducts business in this state and judicial district, as shown by the substantial sales in California to Plaintiff's affiliate. Attached as Exhibit "A" is a true and correct copy of the letter from Bird-X to Plaintiff's affiliate.

16.     On or about May 7, 2018, staff for undersigned counsel purchased Bird-X products from Amazon.com and picked them up at an Amazon.com store located within this state and judicial district, near the University of Southern California. Attached as Exhibit "B" is a true and correct copy of the receipt(s) for purchase and pickup, and photographs of the products.

17.     Bird-X products are available for purchase and pickup from Wal-Mart retail stores located in this judicial district, including the store at Rosemead, California. Attached as Exhibit "C" are true and correct copies of screenshots of the Wal-Mart website confirming the products' availability in this judicial district.

18.     Bird-X products are available for purchase and pickup from Home Depot retail stores located in this judicial district, including the store at Alhambra, California. Attached as Exhibit "D" are true and correct copies of screenshots of the Home Depot website confirming the products' availability in this judicial district.

19.    Therefore, Bird-X has consented to personal jurisdiction in California and this judicial district by its affiliation with this judicial district and substantial business activity conducted within California and this judicial district.

20.    Additionally, personal jurisdiction in California and this judicial district are proper in this matter due to the substantial presence of Bird-X and Plaintiff in this district, and the many individuals who reside in this district and consume each party's products and will be affected by the litigation of this dispute.

21.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (a) (b) and (c) and /or 1400 (b) because Defendants are subject to personal jurisdiction of this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in the Central District of California and because Defendants are subject to personal jurisdiction in the Central District of California, and thus qualify as residents of this judicial district.

## III.

## FACTUAL BACKGROUND

22.    Plaintiff has designed, and developed unique, innovative products that it develops, markets and sells worldwide. Plaintiff develops a wide variety of products, Plaintiff has relied on and invested in the technology in order to grow their markets and their business.

23.    Plaintiff now has and at all times relevant hereto has had substantial contacts with the State of California in connection with the development, sale, and/or

offering for sale of bird repellents and other products within this district.

24.     Plaintiff transacts substantial business within this district and the State of California as part of the overall business of selling its products throughout the United States and the world.

25.     Plaintiff has invested in trademark registrations to protect its consumer goodwill which it has built its products, including applications for U.S. Trademark Registrations for "VisualScare," "TruMotion," and "ScareAway" for its bird repellent products, and associated features.

26.     Plaintiff markets these products under a variety of brand names which have significant established consumer goodwill, including Aspectek, a brand which is a leading figure in the animal repellent and bird repellent industries.

27.     Plaintiff has practiced such lawful and compliant business since at least 2006.

28.     Plaintiff itself relies on the U.S. government's system to protect the technology, goodwill, and business that have resulted from its investments.

## IV.

## DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

29.     Defendant Bird-X has made false assertions of infringement of alleged copyrights, trademarks, and trade dress that were directed at Plaintiff.

30.     Defendant Bird-X, after claiming that Plaintiff's products infringe its

intellectual property rights, has already taken strong action to stop Plaintiff's sales of Plaintiff's lawful products.

31.     On January 3, 2018, Bird-X submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B00WRKMOZU. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 1st Copyright Infringement Complaint is attached as Exhibit "E" and incorporated herein by reference.

32.     To date, Bird-X has not provided any evidence or further information regarding its claims for copyright infringement in the 1st Copyright Infringement Complaint. Bird-X has stopped Plaintiff's sales of its lawful products without evidence or foundation for its complaints.

33.     On March 22, 2018, Bird-X submitted a complaint to Amazon alleging copyright infringement by Plaintiff's products for sale, and product listing at Amazon.com, identified by Amazon ASIN No. B00EK1H396. The complaint clearly noted that the complaint was of copyright infringement. A true and correct copy of the 2nd Copyright Infringement Complaint is attached as Exhibit "F" and incorporated herein by reference.

34.     To date, Bird-X has not provided any evidence or further information regarding its claims for copyright infringement in the 2nd Copyright Infringement Complaint.

35.     Due to these and other unfounded complaints by Bird-X, and at the request of Bird-X, Plaintiff's seller account on Amazon.com has also been deactivated. This means that Plaintiff is unable to sell any of its products on Amazon.com.

36.     Such deactivation and great damage to Plaintiff continues at the time of filing.

37.     Bird-X has therefore attempted and succeeded in stopping Plaintiff's sales of its lawful products without any evidence, proven intellectual property right, or any foundation for its complaints.

38.     Bird-X has also unambiguously articulated to Plaintiff its intent and willingness to commence litigation to enforce its purported intellectual property rights.

39.     Upon information and belief, Joe Seid is the CEO and/or Sales Director of Bird-X, Inc. and frequently acts as an agent for Bird-X on behalf of Bird-X in business dealings and other matters.

40.     In email correspondence with Plaintiff's associates, including but not limited to a written message sent on January 6, 2018, Joe Seid of Bird-X, under his company email issued by Bird-X, while acting as an agent for Bird-X, has falsely claimed that "[w]e have proven to Amazon that WE are the **original sellers and producers** of these products. ... You have copied our products. You will STOP copying our products. I will instruct Amazon to close your entire store if you do not take down the products that you have copied." [emphasis in original]. A true and correct copy of the email correspondence is attached as Exhibit "G" and incorporated herein by

reference.

41.     Additionally, as seen in Exhibit G, the email correspondence of January 6, 2018, sent by Joe Seid of Bird-X, while acting as an agent for Bird-X, Mr. Seid admits that "I have already contacted other large companies in the United States about Aspectek copied products."

42.     Additionally, in the email correspondence of January 6, 2018, Joe Seid of Bird-X asserts that "[t]he Chinese government is looking for Anthony and Michael Liu for tax evasion. I will tell them their location in Canada. I have their addresses at work and at home." This was a false and libelous allegation by Mr. Seid calculated by Bird-X and Mr. Seid to cause damage to Milo, Bird-X's direct competitor in some product industries.

43.     Upon information and belief, Joe Seid of Bird-X, CEO of Bird-X, while acting as an agent for Bird-X, has likewise falsely claimed to other business partners, associates and retailers for Milo that the Chinese government is looking for Anthony and Michael Liu, officials and personnel for Milo, because they have evaded taxes there. These allegations were and continue to remain false, libelous, malicious, and calculated to cause damage to Milo, Bird-X's direct competitor in some product industries.

44.     In email correspondence sent in or about November 2017 to representatives of the store chain Home Depot, Joe Seid of Bird-X, while acting as an agent for Bird-X, falsely stated that certain products sold on homedepot.com by Plaintiff "knockoff" or infringe Bird-X products.

45.     Plaintiff was informed of the email correspondence sent by Mr. Seid to Home Depot by Home Depot, which in a letter of November 10, 2017 replied to Bird-X regarding the allegations, and began investigation into the false allegations of infringement. A true and correct copy of the letter from Home Depot to Bird-X is attached as Exhibit "H" and incorporated herein by reference.

46.     Based solely on these allegations of copyright infringement by Defendants, Amazon has removed one or more of Plaintiff's product listings. The listings have still not been restored.

47.     Plaintiff's products remain unlisted for sale at least on Amazon.com, due to the closure of Plaintiff's seller account, which was undertaken and caused solely by Bird-X's false allegations of copyright infringement.

48.     Plaintiff therefore continues to be damaged by Defendants' actions.

49.     Defendants have therefore directly damaged Plaintiff, with such damages continuing to be incurred.

50.     Despite its allegations and actions taken to stop Plaintiff's sales of its lawful products, Bird-X for several months did not provide additional evidence or information to supports its complaints or actions, and has not provided any evidence regarding at least one Milo product that Bird-X specifically requested and directly caused to be removed from sale.

51.     On April 13, 2018, Bird-X sent Plaintiff a letter accusing Plaintiff of infringing its claimed trademark, U.S. Trademark Registration No. 3,347,475, for

"SCARE-EYE" (the "Subject Trademark"). Bird-X asserted that Plaintiff had already infringed the Subject Trademark in connection with Plaintiff's sale of its bird repellents and animal repellents. Bird-X's letter of April 13, 2018 expressly asserted that Plaintiff's lawful sales of its products "is likely to confuse customers, and therefore constitutes trademark infringement and false designation of origin in violation of the Lanham Act." A true and correct copy of the letter is attached as Exhibit "I" and incorporated herein by reference.

52.    In the letter of April 13, 2018, Bird-X also stated that Plaintiff was "infringing the SCARE-EYE trademark both in the name of the product ... and in the description of the item. Bird-X further alleged that "it is clear that [Plaintiff's] use of the SCARE-EYE trademark has already caused consumer confusion."

53.    In the letter of April 13, 2018, Bird-X also stated clearly that it "consistently enforces its trademark rights against infringers through all appropriate legal means." Lastly, Bird-X gave Plaintiff notice that "Bird-X is prepared to take all steps necessary to protect its valuable intellectual property rights, without further notice."

54.    Plaintiff is informed and believes and thereupon alleges that Bird-X does not mark its products clearly with notices of copyright ownership such that any reasonable individual would know such copyright rights are allegedly valid and subsisting.

55.    Plaintiff is informed and believes and thereupon alleges Bird-X does not

consistently mark its products with identifiers such as ™ or ® such that any reasonable individual would know such trademark rights are allegedly valid and subsisting. For instance, the Scare-Eye product sold by Bird-X and shown in Exhibit B does not have any markings.

56.     There presently exists a justiciable controversy regarding the Plaintiff's right to make any and all forms and shapes of bird repellents and animal repellents with intrinsic value free of any allegation by Bird-X that such conduct constitutes an infringement of any copyright rights allegedly owned by Bird-X.

57.     There presently exists a justiciable controversy regarding the Plaintiff's right to make any and all forms and shapes of bird repellents and animal repellents with intrinsic value free of any allegation by Bird-X that such conduct constitutes an infringement of any trademark rights allegedly owned by Bird-X.

58.     There presently exists a justiciable controversy regarding the Plaintiff's right to make any and all forms and shapes of bird repellents and animal repellents with intrinsic value free of any allegation by Bird-X that such conduct constitutes an infringement of any trade dress rights allegedly owned by Bird-X.

59.     This judicial district and the State of California are central to the facts of this dispute because this dispute arises from the substantial sales of each party's products and the stoppage of Plaintiff's products including substantial business in this judicial district which has been affected by Bird-X's wrongful malicious actions in falsely asserting trademark and copyright infringement.

# V.

## CLAIMS FOR RELIEF

### COUNT 1

### (Declaratory Judgment of Noninfringement of Trademark or Trade Dress)

### (Against Bird-X)

60.     Plaintiff incorporates by reference and realleges paragraphs 1 through 59 above as though fully set forth herein.

61.     This is a declaratory judgment action under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 *et seq,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

62.     Bird-X has created a present and actual controversy between Plaintiff and Bird-X concerning the matter of whether Plaintiff's products infringe one or more of Bird-X's trademarks.

63.     As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of Plaintiff's products and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

64.     The manufacture, use, sale and offer of sale of products by Plaintiff does not infringe any trademark rights or trade dress rights claimed by Bird-X.

65.     Plaintiff is entitled to declaratory judgment that it is not infringing, has not

infringed, and is not liable for infringing any allegedly enforceable trademark rights or trade dress rights owned by Bird-X relating to the sale of bird repellents, either directly or by inducing others to infringe or by contributing to infringement by others.

## COUNT 2

### (Declaratory Judgment of Unenforceability of Trademark or Trade Dress)

### (Against Bird-X)

66.   Plaintiff incorporates by reference and realleges paragraphs 1 through 65 above as though fully set forth herein.

67.   This is a declaratory judgment action under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 *et seq,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

68.   Bird-X has created a present and actual controversy between Plaintiff and Bird-X concerning the matter of whether Plaintiff's products infringe one or more of Bird-X's trademarks.

69.   As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of Plaintiff's products and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

70.   Plaintiff requests an order declaring that Bird-X's alleged trademarks, including the Subject Trademark, allegedly for "Scare-Eye", which was asserted by

Bird-X, lack the requisite elements to be protectable on the Principal Register and to be enforceable.

71.     Plaintiff requests an order declaring that Bird-X's alleged trade dress rights, which were asserted by Bird-X, lack the requisite elements to be protectable on the Principal Register and to be enforceable.

## COUNT 3

## Declaratory Judgment of Noninfringement of Copyright

## (Against Bird-X)

72.     Plaintiff incorporates by reference and realleges paragraph 1 through 71 above as though fully set forth herein.

73.     This is a declaratory judgment action under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1125(a), the copyright laws of the United States, 17 U.S.C. § 101 *et seq,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

74.     As alleged in more detail above, Bird-X has alleged copyright infringement to Plaintiff's business associates.

75.     Defendants have taken actions to stop Plaintiff's sales based on such claimed copyright infringement, including securing the removal of product listings at online stores including Amazon.

76.     Plaintiff continues to be damaged by these actions by Defendants.

77.     Bird-X has created a present and actual controversy between Plaintiff and

Bird-X concerning the matter of whether Plaintiff's products infringe one or more of Bird-X's alleged copyright rights.

78.   As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of Plaintiff's products and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

79.   The manufacture, use, sale and offer of sale of products by Plaintiff does not infringe any copyright rights claimed by Bird-X.

80.   Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable copyright rights owned by Bird-X, either directly or by inducing others to infringe or by contributing to infringement by others.

## COUNT 4

### (Tortious Interference With Business Relations)

### (Against All Defendants)

81.   Plaintiff incorporates by reference and realleges paragraph 1 through 80 above as though fully set forth herein.

82.   Defendants have intentionally and willfully calculated to cause damage to Plaintiff's business relationships with its customers and business associates by sending objectively and subjectively baseless assertions of copyright infringement, trademark infringement, and trade dress infringement to such customers alleging that Plaintiff's

products infringe Bird-X's intellectual property rights.

83.     Additionally, agents for Bird-X, including Joe Seid, while acting as an agent for Bird-X, have intentionally and willfully calculated to cause damage to Plaintiff 's business relationships with its customers and business associates by making false statements in writing to Plaintiff's business partners and associates.

84.     Defendants actions alleged in this Complaint were done with an intent to damage Plaintiff's business relationships and to cause a termination of such relationships. Defendants have stated such clearly, both orally and in writing, including by Joe Seid, while acting as an agent for Bird-X: "I will instruct Amazon to close your entire store."

85.     Defendants have attempted and succeeded in doing just that. Plaintiff's listings were closed and its products stopped from sale, despite a glaring lack of sufficient information to prove Defendants' assertions.

86.     In correspondence with Plaintiff's business associates and business partners, including but not limited to January 6, 2018, Joe Seid of Bird-X, while acting as an agent for Bird-X, falsely asserted to Business Associates for Plaintiff that "[t]he Chinese government is looking for Anthony and Michael Liu for tax evasion."

87.     Defendants had no right or justifiable cause for its conduct in the actions alleged herein.

88.     The acts of Defendants alleged in this Complaint have caused irreparable harm to Plaintiff.

89.     Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm, loss, and injury.

## COUNT 5

### (Federal Unfair Competition)

### (Against All Defendants)

90.     Plaintiff incorporates by reference and realleges paragraph 1 through 89 above as though fully set forth herein.

91.     Defendants' objectively and subjectively baseless assertions of trademark infringement, trade dress infringement, copyright infringement against Plaintiff and its customers made in cease and desist letters and complaints constitute bad faith commercial statements made in an attempt to divert customers from Plaintiff and to otherwise injure Plaintiff's ability to compete and have unlawfully diverted trade, goodwill, and revenue from Plaintiff. Defendants have been and are being unjustly enriched with other benefits proximately caused by and/or resulting from their unlawful acts as alleged herein, in violation of 15 U.S.C. § 1125.

92.     The actions of Defendants alleged in this complaint have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

//

**COUNT 6**

**(Libel)**

**(Against All Defendants)**

93.     Plaintiff incorporates by reference and realleges paragraph 1 through 92 above as though fully set forth herein.

94.     Agents and personnel for Bird-X, including Joe Seid, CEO of Bird-X, while acting as an agent for Bird-X, have made false statements in writing to Plaintiff's business partners and associates which have caused damage to Plaintiff, including damage to Plaintiff's business and reputation.

95.     In correspondence with Plaintiff's business associates and business partners, including but not limited to January 6, 2018, Joe Seid of Bird-X, acting as CEO and agent for Bird-X, falsely asserted to Business Associates for Plaintiff that "[t]he Chinese government is looking for Anthony and Michael Liu for tax evasion." Mr. Seid continued, stating in writing, "I will tell them their location in Canada. I have their addresses at work and at home."

96.     Upon information and belief, agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, have stated the same basic allegations, that Anthony and Michael Liu are being sought by the Chinese government for tax evasion, in other written correspondence sent to Home Depot, Wal-Mart, and other distributors and business associates for Plaintiff.

97.     These written statements made to Plaintiff's associates and business

partners by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, are false and libelous, and purport to state facts about Plaintiff or Plaintiff's business that are false.

98.     These written statements made to Plaintiff's associates and business partners by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, have accused Plaintiff's officials and personnel of illegal acts and other malicious falsehoods. The statements therefore are likely to and have already damaged Plaintiff's business, economic relations, and reputation in its industry.

99.     These written statements made to Plaintiff's associates and business partners by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, were untrue, and Defendant knew them to be untrue and/or had no reason to believe to be true, at the time he published the statements.

100.    These false and libelous statements were calculated by Defendants to damage Plaintiff.

101.    Due to the false statements made by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, Plaintiff continues to suffer economic damages, interference with its business relations, embarrassment, and other damages, in an amount according to proof.

102.    Defendant acted with reckless, willful or callous disregard for Plaintiff's rights and with malice, fraud or oppression toward Plaintiff.

103.    Plaintiff is therefore entitled to an award of punitive damages in an amount

according to proof.

104.   These statements made by agents for Bird-X fit the provisions of California Civil Code §45 in that it is a "false and unprivileged publication by writing, picture, printing, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

105.   Therefore, pursuant to California Civil Code §45, these statements by agents for Bird-X, including Joe Seid, CEO of Bird-X, acting as an agent for Bird-X, are libel for which Defendants are liable for damages sustained by Plaintiff, and punitive damages.

106.   Bird-X is liable to Plaintiff as a result of these false and defamatory statements for actual, presumed, and punitive damages in an amount to be determined at trial.

107.   Plaintiff is entitled to general damages against Bird-X for Milo's loss of reputation, damage to business, shame, emotional distress in accordance with proof at trial.

//

# VI.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff ask this Court to enter judgment in their favor against Defendants and grant the following relief, as to all claims for relief:

1.       An order declaring that the manufacture, use, sale and offer of sale of bird repellent and animal repellent products manufactured by Plaintiff does not infringe any valid, distinctive and enforceable trademark rights allegedly owned by Bird-X.

2.       An order declaring that the trade mark rights allegedly owned by Bird-X are unenforceable.

3.       An order declaring that the manufacture, use, sale and offer of sale of bird repellent and animal repellent products manufactured by Plaintiff does not infringe any valid, distinctive and enforceable trade dress rights allegedly owned by Bird-X.

4.       An order declaring that the trade dress rights allegedly owned by Bird-X are unenforceable.

5.       An order declaring that the manufacture, use, sale and offer of sale of bird repellent and animal repellent products manufactured by Plaintiff does not infringe any valid, distinctive and enforceable copyright rights allegedly owned by Bird-X.

6.       That the court enjoin and restrain Defendants from and against threatening or filing or prosecuting any court actions against persons or entities making, using and/or selling bird repellent products manufactured by Plaintiff.

7.       That the court award Plaintiff its damages and Defendants' profits resulting

from Defendants' unfair competition and tortious interference with Plaintiff's business relationships.

8.     An award to Plaintiff of actual damages adequate to compensate Plaintiff for Defendants' wrongful actions which have caused Plaintiff damages, including Defendants' false claims made to stop Plaintiff's products from sale, and Defendants' false and libelous statements made to damage Plaintiff and interfere with Plaintiff's business;

9.     An award to Plaintiff of actual damages adequate to compensate Plaintiff for Defendants' false and libelous statements;

10.     That the court award Plaintiff its reasonable attorneys' fees, costs, and expenses, where available;

11.     That the court award punitive damages in an amount to be determined at trial, where available;

12.     Any further relief that this Court deems just and proper.

Dated:  May 8, 2018                    D&R I.P. LAW FIRM, APLC


                                       s/Tony W. Wong/
                                       TONY W. WONG

                                       Attorneys for Plaintiff
                                       Milo Enterprises, Inc.

COMPLAINT
-24-

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial on all issues triable as of right to a jury.  FED. R. CIV. P. 38(b).


Dated: May 8, 2018                              D&R I.P. LAW FIRM, APLC


                                               s/Tony W. Wong/
                                               TONY W. WONG

                                               Attorneys for Plaintiff
                                               Milo Enterprises, Inc.